# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MATTHEW J. THOMPSON,**

    **Plaintiff,**

vs.                                                              Case No. 4:20cv594-WS-MAF

**DR. LESLIE COLOMBANI,**
**et al.,**

    **Defendants.**

_____ /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case by submitting a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Despite Plaintiff's lengthy litigation history and knowledge of court procedure, Plaintiff did not pay the filing fee for this case, nor did he submit an in forma pauperis motion. To proceed, Plaintiff will be required to do one or other, to the extent he is not barred from proceeding with in forma pauperis status due to the "three strikes" rule of 28 U.S.C. § 1915(g).

However, this case cannot proceed in this Court as Plaintiff has claimed that the named Defendants were deliberately indifferent to his medical needs. ECF No. 1 at 13. Plaintiff's factual allegations reveal that all actions of the Defendants took place at the Hamilton Correctional Institution, where Plaintiff is also confined. Hamilton C.I. is in Jasper, Florida, which is within the jurisdiction of the Middle District of Florida. Thus, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue sua sponte. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue").

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 5, 2021.

  S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**